# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# 5:11-cv-39-RJC

| | |
|---|---|
| BOBBY R. McLEAN, | ) |
| Plaintiff, | ) |
| v. | ) **ORDER** |
| DOC MEDICAL; (FNU) DAWKINS, Physician, Alexander Correctional Institution;[1] (FNU) FORTMER, Head Nurse, ACI; KEITH WITENER, Administrator, ACI; and RICHARD THOMAS, Assistant Supt. of Custody, ACI, | ) |
| Defendants. | ) |

**THIS MATTER** is before the Court upon initial review of Plaintiff's civil rights Complaint brought pursuant to 42 U.S.C. § 1983. (Doc. No. 1).

**I.     STANDARD OF REVIEW**

A case filed under 42 U.S.C. § 1983 requires a deprivation of a right secured by federal law by a person acting under color of state law. Section 1983 applies to violations of federal constitutional rights, as well as certain limited federal statutory rights. See Maine v. Thiboutot, 448 U.S. 1 (1980); see also Gonzaga University v. Doe, 536 U.S. 273, 283 (2002) (holding that a right must be "unambiguously conferred" by a statute to support a Section 1983 claim). Allegations in a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, Title 28 U.S.C. § 1915A directs the courts to conduct an initial review of civil actions by prisoners seeking relief from a governmental entity or employee. Upon such

---

[1] Alexander Correctional Institution will hereinafter be referred to as "ACI."

review, courts must identify cognizable claims or dismiss the complaint, or parts thereof, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1). The Court has conducted an initial review of Plaintiff's Complaint and has determined that Plaintiff's Complaint shall be dismissed because Plaintiff has failed to exhaust his administrative remedies.

## II.  FACTUAL BACKGROUND

Plaintiff's Complaint, filed January 26, 2011,[2] reports that he suffers from Arthritis and Rickets - a painful, chronic bone disease that is causing his joints to deteriorate. (Doc. No. 1 at 3). Plaintiff's Complaint alleges that since Michael Jackson's death in 2009, Defendant Dr. Dawkins has refused to treat him with a combination of methadone and oxycodone but has, instead, administered a less effective drug that makes it difficult for Plaintiff to urinate. (Id.). The Complaint also alleges that Defendants Whitener, Thomas and Williams have refused to grant Plaintiff's requests for a transfer to Central Prison, where Plaintiff believes he will receive his preferred choice of medications. (Id.). The Complaint further alleges that an unidentified person or persons opened Plaintiff's cell door and allowed a gang member to assault him; that when, in response to a mental health provider's questions, Plaintiff stated that he would kill the gang member who assaulted him, Plaintiff was charged with a disciplinary infraction; and that someone took Plaintiff's medical boots and told him that he could not go to the dining room for meals without his shoes for three days. (Id. at 4). As relief, the Complaint asks the Court to help Plaintiff secure a monetary award and a transfer to Central Prison. (Id. at 4).

---

[2] Plaintiff's Complaint originally was filed in the United States District Court for the Eastern District of North Carolina. (Doc. No. 1). However, Plaintiff's case was transferred to this Court on March 29, 2011 because ACI is located within the Western District of North Carolina. (Doc. No. 7).

Curiously, on the "Verified Statement" portion of Plaintiff's § 1983 Complaint form, where prisoners are directed to indicate whether they have exhausted their administrative remedies for their claims, Plaintiff reports that "This cause of action arose at [ACI] and I am now being housed at [ACI]. Therefore, I do not believe I have administrative remedies relating to this complaint at this time." (Id.). Also, on April 11, 2011, Plaintiff filed a separate Verified Statement indicating that he has "not exhausted [his] administrative remedies." (Doc. No. 19).

## III.  DISCUSSION

The Prison Litigation Reform Act of 1995 mandates that "no action shall be brought with respect to prison conditions under § 1983 of this title, or any other Federal law, by a prisoner . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). In Porter v. Nussle, 534 U.S. 516, 532 (2002), the Supreme Court held that the PLRA's exhaustion requirement "applies to all inmate suits about prison life . . . ."

In Woodford v. Ngo, 548 U.S. 81 (2006), the Supreme Court stated that "[p]risoners must exhaust all 'available' remedies, not just those that meet federal standards." Id. at 85. The Woodford Court further explained that proper exhaustion of administrative remedies "means using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits.)" Id. at 90 (internal quotation and citation omitted). Thus, exhaustion is mandatory, and unexhausted claims cannot be brought in federal court. Jones v. Bock, 549 U.S. 199, 211 (2007).

A prisoner does not comply with the mandatory requirements of 42 U.S.C. § 1997e(a) by exhausting his remedies during the course of litigation; exhaustion must occur prior to the filing of the lawsuit or the case must be dismissed. See Moore v. Bennette, 517 F.3d 717, 725 (4th Cir. 2008) (The PLRA requires that "prisoners . . . exhaust such administrative remedies as are

3

available prior to filing suit in federal court."); Green v. Rubenstein, 644 F.Supp.2d 723, 743 (S.D. W.Va. 2009) ("The plain language of the statute [] makes exhaustion a precondition to filing an action in federal Court . . . The prisoner, therefore, may not exhaust administrative remedies during the pendency of the federal suit.") (quoting Freeman v. Francis, 196 F.3d 641, 645 (6th Cir. 1999)). North Carolina prisoners can satisfy the exhaustion requirement by completing all three of the steps of the inmate grievance process, which culminate in the rendering of a decision upon the prisoner's appeal by the North Carolina Inmate Grievance Resolution Board. See North Carolina Department of Corrections, Division of Prisons' Administrative Remedy Procedure, Policy .0310 (explaining three-step grievance procedure).

Here, Plaintiff admits that his administrative remedies were not exhausted at the time he filed this Complaint. (Doc. No. 19). Indeed, Plaintiff has submitted a copy of his grievance showing that he did not begin the administrative remedies process until February 21, 2011, approximately one month after he filed this action. (Doc. No. 3 at 3). Plaintiff failed to exhaust his administrative remedies before he filed this action; therefore, his Complaint must be dismissed without prejudice.

**IT IS, THEREFORE, ORDERED** that Plaintiff's Complaint is **DISMISSED without prejudice** for failure to exhaust his administrative remedies.

Signed: December 5, 2011

Robert J. Conrad, Jr.
Chief United States District Judge

4